**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MELVIN KEAKAKU AMINA, husband;
DONNA MAE AMINA, wife,

        Plaintiffs - Appellants,

  v.

WMC MORTGAGE CORP.; et al.,

        Defendants - Appellees.

No. 12-15521

D.C. No. 1:10-cv-00165-JMS-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and McKEOWN, Circuit Judges.

    Melvin Keakaku Amina and Donna Mae Amina appeal pro se from the

district court's judgment dismissing their action alleging federal and state law

claims arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review for an abuse of discretion a dismissal for failure to prosecute, *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996), and we affirm.

The district court did not abuse its discretion by dismissing with prejudice the Aminas' action because the Aminas failed to provide a reasonable explanation for their repeated failure to file necessary pleadings, appear at multiple court hearings, and respond to the court's orders to show cause despite being warned that their action could be dismissed. *See id*. at 1384-85 (setting forth factors relevant to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) and declining to set aside dismissal with prejudice absent support for plaintiff's argument that his failure to appear at trial was due to a mistake or a misunderstanding).

Because we affirm the district court's dismissal for failure to prosecute, we do not consider the Aminas' various challenges to certain of the district court's interlocutory orders. *See id*. at 1386 (after a dismissal for failure to prosecute, interlocutory orders are not appealable regardless of whether the failure to prosecute was purposeful or negligent).

The Aminas' contentions that they fully briefed the district court when they missed some hearings; that their failure to appear did not prevent a resolution of the action or deprive defendants of the opportunity to cross-examine them since none of the missed hearings were "evidentiary;" that they have a right to remain

silent; and that the consequence of missing a hearing should be limited to a waiver of the right to oral argument, are unpersuasive.

**AFFIRMED.**